**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**SUGAR RAY LEWIS**                                    **CIVIL ACTION**

**VERSUS**                                                    **NO. 11-997**

**N. BURL CAIN, WARDEN**                         **SECTION "S"(3)**

### TRANSFER ORDER

Petitioner, SUGAR RAY LEWIS, has filed a petition for writ of habeas corpus pursuant to

28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1999 state court conviction

and sentence.  To support his challenge, petitioner asserts the following grounds for relief:

1)    Petitioner's constitutional rights were violated when the trial court failed to
notify him of his triad right as defined by <u>Miranda</u> and his right to a formal
hearing;

2)    Petitioner's constitutional rights were violated when the trial court failed to
ask him to enter a plea during multiple offender proceedings.

A review of this Court's records reflects that petitioner filed a prior petition for writ of

habeas corpus related to this same conviction and sentence entitled <u>Sugar Ray Lewis v. N. Burl</u>

<u>Cain, Warden</u> , Civil Action  04-0980 "S"(3).  In that petition, petitioner raised the following

grounds for relief:

1)    The trial court erred in adjudicating and sentencing petitioner as a fourth
offender;

2)      Petitioner's sentence was excessive;

3)      The jury was improperly charged;

4)      The bill of information was defective;

5)      Expert testimony was wrongly admitted into evidence;

6)      Petitioner received ineffective assistance of counsel;

7)      The trial court erred in denying a motion to suppress; and

8)      Petitioner was subjected to double jeopardy.

That petition was dismissed with prejudice on the merits by Judgment entered March 21, 2006. Petitioner appealed.  The United States Fifth Circuit Court of Appeals denied his motion for a certificate of appealability.  (Rec. Doc. No. 23).  The United States Supreme Court denied his petition for a writ of certiorari.  (Rec. Doc. No. 24).

The petition presently before the Court is considered to be  a second or successive petition as described by 28 U.S.C. § 2244.  In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1)      the claim relies on a new rule of law, made retroactive to cases on collateral
        review by the United States Supreme Court, that was previously unavailable;
        or

2)      (i) the factual predicate for the claim could not have been discovered
        previously through the exercise of due diligence, and
        (ii) the facts underlying the claim, if proven and viewed in light of the
        evidence as a whole, would be sufficient to establish by clear and convincing
        evidence that, but for the constitutional error, no reasonable factfinder would
        have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

2

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A).   Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed.  Accordingly,

**IT IS ORDERED** that SUGAR RAY LEWIS's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this _____5th_____ day of _____May_____, 2011.


UNITED STATES DISTRICT JUDGE